**AMERICAN SAMOA, Plaintiff**

**v.**

**MAKUATI of Leone, Defendant**

No. 4-1938

High Court of American Samoa

Criminal Jurisdiction, Appellate Division

May 24, 1938

DECISION

The defendant was charged with permitting his pig to run at large and damage a plantation. He was tried before District Judge Muli on December 16, 1937. After hearing the case the Court recommended that the defendant be fined $15.00, payable in 30 days, or be sent to Jail for one and a half months on nonpayment of the fine. The Chief Justice remanded the case to the District Court for retrial. It was again heard by Judge Muli on January 20, 1938 with the result that the District Judge recommended that the defendant pay a fine of $10.00 within 20 days or be sent to Jail for one and a half months. A fine of $5.00

payable within 20 days or 15 days in Jail was the judgment finally approved.

The defendant then appealed to the High Court and argued his appeal in person. An examination of the record shows that in substance his appeal is based on the claim that the finding of the District Court that the defendant was guilty was contrary to the evidence.

The real argument hinges around the ownership of the pig which was admittedly running at large and damaging the plantation. The defendant claimed at the trials that it was not his but belonged to another person. It appears from the evidence, and the defendant admitted in his statement to the High Court, that after the pig was killed and roasted he claimed it as his own. The record shows that at the first trial the defendant also admitted that the pig was his own and that he took it home after it was killed and roasted. The complaining witness testified that after the pig was roasted and before it was consumed he described the pig to the defendant and the defendant insisted on taking the roasted pig, claiming it to be his. The defendant claimed that he was mistaken in the ownership of the pig and that it was really the property of Siale (C. Reid). Some evidence was introduced to that effect thereby producing a conflict.

The District Court apparently believed the evidence that pointed to the defendant's guilt and disbelieved the evidence pointing to his non-guilt. It was the duty of the Court to weigh the evidence and reach a conclusion. There was an abundance of evidence from which the Court could very properly reach the conclusion that the defendant was guilty, especially since he had made admissions to the effect that the pig was his.

"Ordinarily it is not the province of the appellate court to determine the credibility of conflicting evidence. The presumption is in favor of the verdict, and the appellate court will not interfere when

the evidence is conflicting, if there is material evidence tending to support the verdict, although it may differ from the jury as to the preponderance of the evidence." 17 *Corpus Juris,* pp. 264 and 267, citing many cases.

In American Samoa the Court itself passes upon the evidence instead of a jury, but the legal principle just quoted is applicable nevertheless.

The High Court has considered this case with care and can see no reason, since there was plenty of evidence from which the District Judge could very well conclude that the defendant was guilty, for interfering with its finding of guilt.

The judgment that the defendant pay a fine of $5.00 within 20 days or be sent to Jail for 15 days is hereby affirmed. High Court costs in the amount of $10.00 are hereby assessed against the defendant, the same to be paid within 40 days.